UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>KIM H. PETERSON, individually and as Trustee of the Peterson Family Trust dated April 14, 1992, and as Trustee of the Peterson Family Trust dated September 29, 1983; KIM FUNDING, LLC, a California limited liability company; ABC FUNDING STRATEGIES, LLC, a Delaware limited liability company; ABC FUNDING STRATEGIES MANAGEMENT, LLC, a Delaware limited liability company; ANI LICENSE FUND, LLC, a California limited liability company; KIM MEDIA, LLC, a California limited liability company; KIM MANAGEMENT, INC., a California corporation; KIM AVIATION, LLC, a California limited liability company; AERO DRIVE, LLC, a California limited liability company; | Case No.: 21-CV-1620 TWR (AHG)<br><br>**ORDER (1) GRANTING THE RECEIVER'S REQUEST TO AMEND THE SECOND AMENDED COMPLAINT TO CONFORM TO PROOF, AND (2) FOR SUPPLEMENTAL BRIEFING ON DEFENDANTS' LIABILITY UNDER CAL. CIV. CODE §§ 3439.07(a)(3)(C), 3439.08(b)(1)(A)**<br><br>(ECF Nos. 67, 89, 90) |

| | |
|---|---|
| AERO DRIVE THREE, LLC, a California limited liability company; BALTIMORE DRIVE, LLC, a California limited liability company; GEORGE PALMER CORPORATION, a Nevada corporation; KIM FUNDING LLC DEFINED BENEFIT PENSION PLAN; and DOES 1 through 10, inclusive, | |
| | Defendants. |

Presently before the Court is the Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Mot.," ECF No. 67) filed by Plaintiff Krista Freitag, the Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates (the "Receivership Entities" or "Entities"). The Court previously granted in part and denied in part the Motion, (*see generally* ECF No. 88 (the "Prior Order")), entering judgment in the amount of $6,063,573.89 in favor of the Receiver and against Defendant ANI License Fund, LLC ("ANI License") on the Receiver's seventh cause of action for breach of contract (promissory note) and against Defendant Kim H. Peterson, as trustee of the Peterson Family Trust dated April 14, 1992 (the "1992 Trust"), on the Receiver's eighth cause of action for breach of contract (guaranty), jointly and severally. (*See id.* at 13–17.) The Court denied without prejudice, however, the Motion as to the Receiver's first cause of action for avoidance and recovery of fraudulent transfers in violation of California's Uniform Voidable Transactions Act ("CUVTA"), Cal. Civ. Code §§ 3439–3439.14, pending supplemental briefing regarding whether the Receiver should be permitted to amend her Second Amended Complaint to conform to the proof presented at summary judgment.[1] (*See* Prior Order at 10–13, 17–18.)

---

[1] The Court also denied without prejudice the Receiver's request for attorneys' fees and costs against ANI License, (*see* Prior Order at 13–15), and Mr. Peterson, (*see id.* at 17), attributable to the enforcement of the Promissory Note and the Guaranty, respectively. Although the Court permitted the Receiver the opportunity to file supplemental briefing to support the requested fees and costs, "the Receiver . . .

The Court is now in receipt of the Receiver's Supplemental Brief and the Supplemental Brief filed by Defendants Peterson, individually and as trustee of the 1992 Trust, and as trustee of the Peterson Family Trust dated September 29, 1983 (the "1983 Trust"); Kim Funding, LLC ("Kim Funding"); ABC Funding Strategies, LLC ("ABC Funding"); ABC Funding Strategies Management, LLC ("ABC Management"); ANI License; Kim Media, LLC ("Kim Media"); Kim Management, Inc. ("Kim Management"); Aero Drive, LLC ("Aero Drive"); Aero Drive Three, LLC ("Aero Drive Three"); Baltimore Drive, LLC ("Baltimore Drive"); George Palmer Corporation ("George Palmer Corp."); and Kim Funding LLC Defined Benefit Pension Plan ("KF Pension Plan") ("Defs.' Supp. Br.," ECF No. 90) (together, the "Supplemental Briefs"). Having reviewed the Supplemental Briefs, the Court **GRANTS** the Receiver's request to amend the Second Amended Complaint and **ORDERS** additional supplemental briefing regarding Defendant's liability under California Civil Code § 3429.08(b)(1)(A), as detailed below.

As the Court previously explained,

> "[w]here plaintiffs 'fail[] to raise [a claim] properly in their pleadings, . . . [if] they raised it in their motion for summary judgment, they should [be] allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b)." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (alterations in original) (quoting *Jackson v. Hayakawa*, 605 F.2d 1121, 1129 (9th Cir. 1979)). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

(*See* Prior Order at 12–13 (all alterations except first in original).) "[L]eave to amend 'shall be freely given when justice so requires,' . . . and this policy is to be applied with extreme liberality." *Id.* at 1154 (first quoting Fed. R. Civ. P. 15(a); then quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

---

determined not to further pursue the attorneys' fees portion of her seventh or eighth claims for relief." (*See* ECF No. 89 ("Rec'r's Supp. Br.") at 1; *see also id.* at 9–10.)

"Not all of the factors merit equal weight[,]" and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See id.* (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Although they briefly address the remaining factors, (*see* Defs.' Supp. Br. at 9–10), Defendants primarily argue that the Court should deny the Receiver's request to amend her Second Amended Complaint to conform to proof because "any amendment would either be futile or would result in extreme prejudice to Defendants." (*See id.* at 2; *see also id.* at 3–9.) Simply stated, there is no evidence of bad faith or undue delay here. Defendants first broached the apparent discrepancy between the Receiver's Second Amended Complaint and theory of liability at summary judgment in their Opposition. (*See* ECF No. 73 ("Opp'n") at 13–15.) For reasons beyond the Receiver's control, the Court did not address the issue until it issued the Prior Order on January 9, 2025. (*See* Prior Order at 11–13.) The Receiver promptly sought to amend to conform to proof in her Supplemental Brief, filed January 30, 2025. (*See generally* Rec'r's Supp. Br.) Moreover, the Receiver's prior amendments, which sought only to add additional causes of action against certain of Defendants,[2] are not relevant to the present analysis given that neither Defendants nor the Court previously challenged the Receiver's theory of liability under her first cause of action against all Defendants.

---

[2] (*Compare* ECF No. 1 (asserting a single cause of action under the CUVTA against Defendants), *with* ECF No. 36 (adding cause of action for breach of fiduciary duty against Mr. Peterson and Kim Funding and causes of action for fraud, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, and civil conspiracy against Mr. Peterson, Kim Funding, ABC Funding, and ANI License); ECF No. 51 (adding causes of action for breach of contract (promissory note) against ANI License and breach of contract (guaranty) against Mr. Peterson).)

This brings the Court to futility and prejudice.  For the reasons discussed in the Receiver's Supplemental Brief, (*see* Rec'r's Supp. Br. at 5–6), the Court agrees that the Receiver's arguments for summary judgment under California Civil Code §§ 3439.07(a)(3)(C) and 3439.08(b)(1)(A) were not so far afield of those presented in the Second Amended Complaint that Defendants were without meaningful notice, particularly given that Defendants devoted a significant portion of their Opposition arguing against their joint liability.  (*See* Opp'n at 8–9, 12–24.)  Defendants also do not contend that the Receiver's failure explicitly to raise Sections 3439.07(a)(3)(C) and 3439.08(b)(1)(A) until summary judgment prevented them from obtaining any discovery, not to mention discovery that would be vital to their defense.  (*See generally* Defs.' Supp. Br.; *see also id.* at 8–9.)  Defendants therefore fail to show that amendment at this stage would prejudice them, much less unduly.  *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  Further, any prejudice can be remedied by allowing Defendants the opportunity explicitly to address Sections 3439.07(a)(3)(C) and 3439.08(b)(1)(A).  Supplemental briefing would also be the preferred method for testing the merit of the Receiver's theories, which the Court does not find to be facially futile.

Accordingly, the Court **GRANTS** the Receiver's request to conform the Second Amended Complaint to the evidence submitted at summary judgment.  To mitigate any concerns of prejudice, the Court **GRANTS** Defendants leave to file a supplemental brief, not to exceed twenty-five (25) pages, addressing the Receiver's arguments concerning their joint liability under Sections 3439.07(a)(3)(C) and 3439.08(b)(1)(A) within twenty-one (21) days of the electronic docketing of this Order.  The Receiver **MAY FILE** a responsive

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

21-CV-1620 TWR (AHG)

brief, not to exceed <u>twenty-five (25) pages</u>, within <u>forty-two (42) days</u> of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
Honorable Todd W. Robinson
United States District Judge