DAVID R. ZARO (BAR NO. 124334)
MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        mpham@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Judgment Creditor
KRISTA FREITAG, Receiver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>KIM H. PETERSON, individually and as Trustee of the Peterson Family Trust dated April 14, 1992 and as Trustee of the Peterson Family Trust dated September 29, 1983; KIM FUNDING, LLC, a California limited liability company; ABC FUNDING STRATEGIES, LLC, a Delaware limited liability company; ABC FUNDING STRATEGIES MANAGEMENT, LLC, a Delaware limited liability company; ANI LICENSE FUND, LLC, a California limited liability company; KIM MEDIA, LLC, a California limited liability company; KIM MANAGEMENT, INC., a California | Case No. 3:21-cv-01620-TWR-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECEIVER'S MOTION FOR ASSIGNMENT ORDER (RENTS FROM BILLBOARD LEASE AT 101 JEFFERSON STREET, SAN FRANCISCO, CALIFORNIA)**<br><br>Date: April 30, 2026<br>Time: 1:30 p.m.<br>Ctrm: 14A |

| | |
|---|---|
| 1 | corporation; KIM AVIATION, LLC, a California limited liability company; |
| 2 | AERO DRIVE, LLC, a California limited liability company; AERO |
| 3 | DRIVE THREE, LLC, a California limited liability company; BALTIMORE |
| 4 | DRIVE, LLC, a California limited liability company; GEORGE PALMER |
| 5 | CORPORATION, a Nevada corporation; KIM FUNDING LLC DEFINED |
| 6 | BENEFIT PENSION PLAN; and DOES 1 through 10, inclusive, |
| 7 | Defendants. |

Judgment creditor Krista Freitag (the "Receiver"), the Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates, moves (the "Motion") for an order assigning all rights to payment due or to become due to judgment debtor Kim Media, LLC ("Kim Media") relating to Kim Media's leasehold interest in a portion of that certain real property located at 101 Jefferson Street, San Francisco, California (the "Premises"), to the Receiver.

The Receiver's Motion is supported by this memorandum, as well as the concurrently filed declaration of Edward G. Fates (the "Fates Declaration").

I. **PRELIMINARY STATEMENT**

The Court previously entered a $8,463,845.76 judgment in favor of the Receiver and against Kim Media (and other judgment debtors) in this action. The judgment remains unsatisfied.

Through an asset investigation, the Receiver has determined that Kim Media holds a leasehold interest in the Premises and owns an electronic billboard located thereon and believes that Kim Media has subleased that billboard to a sublessee, for which Kim Media receives rent payments from the sublessee. As the judgment remains unsatisfied, the Receiver seeks an order from this Court assigning all of Kim Media's rights to payment of rents or other charges under any sublease relating

to the billboard or the Premises to the Receiver, with such payments to be applied in partial satisfaction of the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Court's judgment in favor of the Receiver.

On November 4, 2025, on account of the Receiver's fraudulent-transfer claim, the Court entered judgment in the amount of $8,463,845.76 in favor of the Receiver and jointly and severally against fourteen defendants in this action, including Kim Media (the "Judgment"). *See* Entry of Judgment, at 3, ECF No. 99. There has been no timely appeal of the Judgment, and the Judgment has not otherwise been stayed by the Court.

The Judgment remains unsatisfied and unpaid in the full amount thereof (i.e., no payments have been received or applied to the Judgment to date). Fates Decl. ¶ 4. Based on the outstanding judgment amount of $8,463,845.76 and the applicable federal post-judgment interest rate of 3.66%,[1] $848.70 in per diem interest has been accruing. *Id.* Accordingly, through March 13, 2026 (i.e., 129 days after entry of the Judgment), accrued post-judgment interest has totaled $109,482.74. *Id.*

### B. Kim Media's receipt of rents under a billboard sublease.

Following the entry of the Judgment, the Receiver has undertaken an investigation of the assets of those judgment debtors liable on the Judgment, including Kim Media, in order to determine whether there are any assets available to satisfy some portion of the Judgment. Fates Decl. ¶ 5. This investigation included a search of public real property records to identify any real property interests held by a judgment debtor. *Id.* From that search, the Receiver discovered a memorandum of lease that was recorded on February 24, 2023, in the official records of the San

---

[1] The post-judgment interest rate for the week ending October 31, 2025, was 3.66%. *See* 28 U.S.C. § 1961(a).

Francisco County Recorder's Office, as Document No. 2023014334 (the "Memorandum of Lease"). *Id.* ¶ 5 & Ex. 1.

The Memorandum of Lease reflects that Kim Media is the lessee under a lease with lessor 101 Jefferson Street SF LLC (the "Lessor") and, through this lease, holds a leasehold interest in a portion of that certain real property located at 101 Jefferson Street, San Francisco, California (the "Premises"). *Id.* ¶ 6 & Ex. 1, at 7–8. The Memorandum of Lease further reflects that the term of this lease expires on January 31, 2035. *Id.* ¶ 6 & Ex. 1, at 8.

After discovering the Memorandum of Lease, the Receiver's counsel was able to connect and communicate with the Lessor. *Id.* ¶ 7. The Lessor confirmed that the Lessor is the owner of the Premises and presently leases the Premises to Kim Media pursuant to the lease referenced in the Memorandum of Lease. *Id.* The Lessor also indicated that Kim Media leases an electronic billboard that has been installed on the Premises (the "Billboard") and has subleased the Billboard to a sublessee for the latter to use to display and run advertisements pursuant to a sublease (a "Billboard Sublease"). *Id.* The Lessor stated that as of September 1, 2025, the sublessee of the Billboard is "Harkey Media." *Id.* Consistent with the Lessor's statements, an email chain forwarded by the Lessor shows that an entity doing business as "Harkey Media" or one of its affiliates (collectively, "Harkey Media") is the sublessee under a Billboard Sublease with Kim Media as sublessor. See *id.* ¶ 7 & Ex. 2, at 16–20. Accordingly, the Receiver believes that Kim Media receives rent payments from Harkey Media pursuant to such Billboard Lease.

III. **ARGUMENT**

    A. **The Court should order the assignment of Kim Media's rights to payment to the Receiver.**

A district court has the authority to enforce its money judgment in accordance with the practice and procedure of the state in which the court sits. *See* Fed. R. Civ. P. 69(a); *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981). In this district,

"California Code of Civil Procedure § 708.510 is the relevant state law articulating the requirements for obtaining an assignment of rights." *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 895 (C.D. Cal. 2008). This is referred to as an assignment order, which is "a court order assigning the judgment creditor … the judgment debtor's right to payments due from a third person obligor." *Id.* (citation omitted) (internal quotation marks omitted).

Under California Code of Civil Procedure § 708.510, on noticed motion by a judgment creditor, a court "may order the judgment debtor to assign to the judgment creditor … all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. Code § 708.510(a). "The assignment order contemplated by Section 708.510 includes a court order that assigns a right to payment outright (not simply an order directing the judgment debtor to do so)." *Linley Invs. v. Jamgotchian*, Case No. 2:11-cv-00724-JAK-(AFMx), 2019 WL 1429507, at *2 (C.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, 2019 WL 1772432 (C.D. Cal. Apr. 22, 2019); *accord Specialty Laboratories Inc. v. Advanced Biomedical, Inc. (In re Advanced Biomedical, Inc.)*, 547 B.R. 337, 341–42 (Bankr. C.D. Cal. 2016) (concluding that there was no defect in assignment order directly assigning receivables to judgment creditor (citing *Weingarten Realty Invs. v. Chiang*, 212 Cal. App. 4th 163, 167 (2012))). The assignment (i.e., transfer of title) of the judgment debtor's interest in the right to payment to the judgment creditor "occurs no later than the time and date of the [a]ssignment [o]rder's entry," *Advanced Biomedical*, 547 B.R. at 346, and upon assignment, the judgment creditor "stands in the shoes" of the judgment debtor with respect to the interest assigned, *Weingarten Realty*, 212 Cal. App. 4th at 167.

Among the examples of assignable payment rights enumerated in § 708.510 are "[w]ages due from the federal government that are not subject to withholding under an earnings withholding order," "[r]ents," "[c]ommissions," "[r]oyalties," "[p]ayments due from a patent or copyright," and an "[i]nsurance policy loan

1  value." Cal. Civ. Proc. Code § 708.510(a)(1)–(6). As § 708.510 only permits the
2  assignment of a "right to payment due or to become due," particular attention should
3  be paid to the property interest being assigned in an assignment order. For example,
4  with respect to a cause of action, a court "may assign only the right to payment due
5  from a cause of action under section 708.510, and may not assign the cause of action
6  directly." *AmeriPride Servs. Inc. v. Tex. E. Overseas Inc.*, 782 F.3d 474, 491 (9th
7  Cir. 2015).

8  When considering whether to issue an assignment order, a court "may take
9  into consideration all relevant factors," including (a) "[t]he reasonable requirements
10 of a judgment debtor who is a natural person and of persons supported in whole or
11 in part by the judgment debtor," (b) "[p]ayments the judgment debtor is required to
12 make or that are deducted in satisfaction of other judgments," (c) [t]he amount
13 remaining due on the money judgment," and (d) "[t]he amount being or to be
14 received in satisfaction of the right to payment that may be assigned." Cal. Civ.
15 Proc. Code § 708.510(c). Though a court may consider the relevant factors,

> the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount.

19 *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, Case No. C 03-4792 MMC (MEJ),
20 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006) (citing Cal. Civ. Proc. Code
21 § 708.510(c), (d), (e), (f)).

22 Here, it is appropriate for the Court to issue the requested assignment order in
23 favor of the Receiver with respect to all of Kim Media's payment rights relating to
24 the Premises, including, without limitation, any right to payment of rents or other
25 charges under a Billboard Sublease. The Receiver and Kim Media are clearly the
26 judgment creditor and a judgment debtor, respectively, under the Judgment, and the
27 entire Judgment remains unsatisfied at this time. Section 708.510 expressly
28 contemplates "rents" as an assignable right to payment, thereby making any rents or

1  other charges due to Kim Media for the use of the Billboard or the Premises subject
2  to an assignment order. *See* Cal. Civ. Proc. Code § 708.510(a)(2). Thus, as a
3  threshold matter, the Court can issue the assignment order here.

4      Furthermore, the Court need not impose any monetary limitations on such
5  assignment order in this case. Kim Media, being an LLC, is not a natural person and
6  thus is not entitled to claim any exemptions. *See id.* § 703.020(a) (providing that
7  "exemptions provided by [§§ 703.010–704.995 of the California Code of Civil
8  Procedure] apply only to property of a natural person"). Then, while the Receiver is
9  not presently aware of the amount of the rent payments that Kim Media receives or
10 is entitled to receive, it is highly unlikely that such amount is anywhere close to the
11 seven-figure amount owed on the Judgment (which amount increases daily with the
12 accrual of post-judgment interest). Thus, it is appropriate for the assignment order to
13 assign all payment rights to the Receiver, without restrictions, until the Judgment
14 has been fully satisfied.

15     **B.  The Receiver has adequately identified the source of Kim Media's**
16         **rights to payment to be assigned to her.**

17     "Detailed evidentiary support for the request under § 708.510 is not required;
18 however, a judgment creditor is required to describe the sources of the right to
19 payment with sufficient detail so that defendants can file a claim of exemption or
20 other opposition." *Choice Hotels Int'l, Inc. v. Dostel Corp.*, Case No. 2:11–mc–0045
21 WBS GGH, 2013 WL 1324280, at *1 (E.D. Cal. Apr. 2, 2013); *see, e.g.*, *Garden*
22 *City Boxing Club, Inc. v. Briano*, Case No. CIV-F-06-1270 AWI GSA, 2007 WL
23 4463264, at *1 (E.D. Cal. Dec. 17, 2007) (concluding that judgment creditor's
24 vague request for "general assignment of all possible funds due to [judgment
25 debtor]," without "identify[ing] any specific source of money to be assigned," was
26 improper).

27     Here, although the Receiver has not identified the specific entity who is
28 making rent payments to Kim Media, the Receiver has nonetheless provided

sufficient detail regarding the source of the right to payment to enable Kim Media to adequately respond to the Motion. The Receiver has identified (a) the location of the Premises in which Kim Media holds a leasehold interest and on which Kim Media's Billboard is located (101 Jefferson Street, San Francisco, California), (b) the trade name used by the party who purportedly makes rent payments to Kim Media (Harkey Media), and (c) the consideration for the rent payments made to Kim Media (the use of Kim Media's Billboard to run advertisements). Such information is sufficient not only for Kim Media to respond, but also for any party in receipt of the proposed assignment order to fully understand what payment rights are subject to assignment. Accordingly, the Court should issue the assignment order as requested by the Receiver.

## IV.  CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court enter an order granting the Motion and issuing an assignment order in favor of the Receiver and against Kim Media substantially in the form of the proposed order concurrently filed herewith.

Dated: March 13, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:    */s/ Edward G. Fates*
DAVID R. ZARO
EDWARD G. FATES
MATTHEW D. PHAM
Attorneys for Judgment Creditor
KRISTA FREITAG, Receiver