UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates,

Plaintiff,

v.

KIM H. PETERSON, individually and as Trustee of the Peterson Family Trust dated April 14, 1992, and as Trustee of the Peterson Family Trust dated September 29, 1983; KIM FUNDING, LLC, a California limited liability company; ABC FUNDING STRATEGIES, LLC, a Delaware limited liability company; ABC FUNDING STRATEGIES MANAGEMENT, LLC, a Delaware limited liability company; ANI LICENSE FUND, LLC, a California limited liability company; KIM MEDIA, LLC, a California limited liability company; KIM MANAGEMENT, INC., a California corporation; KIM AVIATION, LLC, a California limited liability company; AERO DRIVE, LLC, a California limited liability company;

Case No.:  21-CV-1620 TWR (AHG)

**ORDER (1) GRANTING RECEIVER'S *EX PARTE* MOTION FOR A RESTRAINING ORDER; AND (2) RESTRAINING DEFENDANT KIM MEDIA, LLC FROM ASSIGNING ANY RIGHTS TO PAYMENT UNDER THE BILLBOARD SUBLEASE**

(ECF No. 110)

1

AERO DRIVE THREE, LLC, a California limited liability company; BALTIMORE DRIVE, LLC, a California limited liability company; GEORGE PALMER CORPORATION, a Nevada corporation; KIM FUNDING LLC DEFINED BENEFIT PENSION PLAN; and DOES 1 through 10, inclusive,

Defendants.

Presently before the Court is the *Ex Parte* Motion for Restraining Order Against Kim Media, LLC (Rents from Billboard Lease at 101 Jefferson Street, San Francisco, California) ("*Ex Parte* Mot.," ECF No. 110) filed by judgment creditor Krista Freitag (the "Receiver"), the Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates. On March 13, 2026, the Receiver filed a Motion for Assignment Order (Rents from Billboard Lease at 101 Jefferson Street, San Francisco, California) ("Assignment Mot.," ECF No. 107), through which she seeks, pursuant to California Code of Civil Procedure §§ 708.510–708.560, an Order assigning to her all rights to payment due or to become due to Defendant Kim Media, LLC relating to its leasehold interest in a portion of that certain real property located at 101 Jefferson Street, San Francisco, California (the "Premises"), including, without limitation, any right to payment of rents or other charges arising from a sublease or similar agreement regarding the use of an electronic billboard on the Premises (a "Billboard Sublease"). The Court set the Assignment Motion for a hearing on April 30, 2026, and set a briefing schedule. (*See* ECF No. 108.)

"Following the filing of the Motion for Assignment Order, the Receiver gave notice thereof to Harkey Media Management, LLC ("Harkey Media"), the now-confirmed sublessee under a Billboard Sublease with Kim Media." (*Ex Parte* Mot. at 3.) "At a March 25, 2026, meeting, Harkey Media informed the Receiver's counsel that a couple of days earlier, [Defendant] Kim Peterson ("Peterson"), Kim Media's principal, [had] emailed Harkey Media to inform it that the Billboard Sublease had previously been assigned to an

2

unidentified third party, but that he had not gotten around to providing Harkey Media with the applicable paperwork."[1]  (*Id.*)  Through the instant *Ex Parte* Motion, the Receiver seeks "a restraining order against Kim Media under California Code of Civil Procedure § 708.520[]" that "will prohibit Kim Media from manufacturing a purported assignment of the Billboard Lease that is clearly intended to hinder the Receiver's ability to collect on the underlying judgment."[2]  (*Id.*)

Having considered the Receiver's *Ex Parte* Motion and supporting papers and having determined that the relief requested on an *ex parte* basis is appropriate under the circumstances, and good cause appearing therefor, the Court **GRANTS** Receiver's *Ex Parte* Motion.  Accordingly, effective as of <u>March 13, 2026</u>, the date the Receiver filed her pending Assignment Motion, Kim Media and its members, managers, agents, and representatives, and all persons acting under, in concert with, or for Kim Media, are

---

[1] Mr. Peterson's email reads:

> Scott: You may get contacted by a law firm representing a Receiver in San Diego as to a 6 year litigation saga I am involved in.  Shortly, the Receiver and their law firm will be sued by me for a variety of issues.  In any event, prior to December of 25, I assigned my Lease with you at the Wharf to a Home Office in South Dakota.  Due to my accident on X-Mas day, I have not had the time to send you a package on the transaction, which will include the transfer details and where you will be wiring money on April 1.  Bottom line, Kim Media, LLC no longer has the Lease.  Nothing will change as to your rights.  KIM

(ECF No. 110-1 ("Harkey Decl.") ¶ 5 & Ex. 1.)

[2]    Section 708.520 provides, in relevant part:

> (a)    When an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.

> (b)    The court may issue an order pursuant to this section upon a showing of need for the order. The court, in its discretion, may require the judgment creditor to provide an undertaking.

Cal. Civ. Proc. Code §§ 708.520(a)–(b).

21-CV-1620 TWR (AHG)

**PROHIBITED** from assigning or otherwise disposing of any and all rights to payment due or to become due to Kim Media under the Billboard Sublease. Any assignment or disposition of any such right to payment, or attempt to assign or dispose of any such right to payment, including, without limitation, any assignment or attempted assignment of the Billboard Sublease by Kim Media to a third party, on or after March 13, 2026, **SHALL BE NULL AND VOID**. This provision **SHALL REMAIN EFFECTIVE** unless and until entry of an Order modifying or vacating this Order upon appropriate motion by Kim Media or otherwise. *In accordance with California Code of Civil Procedure § 708.520(d), upon personal service of this Order on Kim Media, this Order **SHALL SERVE** as notice to Kim Media that failure to comply with the terms of this Order may subject Kim Media to being held in contempt of this Court.*

IT IS SO ORDERED.

Dated:  March 27, 2026

_____
Honorable Todd W. Robinson
United States District Judge

4

21-CV-1620 TWR (AHG)